UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AARON L. HIGHTOWER,

                Plaintiff,

v.

                              1:19-CV-0577
                              (GTS/TWD)

GREGORY VEITCH, Chief of Police, Saratoga Springs
Police Dept.; ANDREW PRESTIGIACOMO, Sgt.,
Saratoga Springs Police Dept., ID # 3004; SHAWN
THORPE, Patrolman, Saratoga Springs Police Dept.,
ID # 2347; CITY OF SARATOGA SPRINGS;
MATTHEW COSEO, Assis. D.A., Saratoga County;
and COUNTY OF SARATOGA;

                Defendants.
_____

APPEARANCES:

AARON L. HIGHTOWER, 17-A-3545
  Plaintiff, *Pro Se*
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Aaron L. Hightower ("Plaintiff") against the six above-captioned individuals and entities ("Defendants") asserting claims pursuant to 42 U.S.C. §§ 1981(a), 1983 and 1986, is United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiff's claims be permitted to proceed against Defendant Shawn Thorpe, that Plaintiff's claims against Defendants Matthew Coseo and the County of Saratoga be dismissed with prejudice, and that Plaintiff be

permitted a reasonable opportunity to amend his defective claims against Defendants City of Saratoga, Andrews Prestigiacomo, and Gregory Veitch. (Dkt. No. 9.) Plaintiff did not submit an objection to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.) Instead, eight days after the expiration of that deadline, Plaintiff attempted to file an Amended Complaint. (Dkt. No. 10, Attach. 1, at 2.)

After carefully reviewing the relevant papers herein, the Court can find no error in Magistrate Judge Dancks' Report-Recommendation, clear or otherwise: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds the following analysis.

Rather than wait for a decision on the Report-Recommendation, Plaintiff attempted to file an Amended Complaint. This act has complicated matters because, assuming Plaintiff had an absolute right to file such an Amended Complaint under Fed. R. Civ. P. 15(a)(1) despite that he had not yet served his Complaint,[1] an amended complaint supersedes an original complaint in all

---

[1] Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course **within** . . . 21 days after serving it . . . ." Fed. R. Civ. P. 15(a)(1)(A) (emphasis added). Here, Plaintiff never served his Complaint; thus, he is arguably not yet **within** the 21-day window in which he may filed an Amended Complaint as a matter of course. *Compare Morris v. New York State Gaming Comm'n*, 18-CV-0384, 2019 WL 2423716, at *4 (W.D.N.Y. March 14, 2019) ("Because Plaintiff never served the original Complaint, the 21-day time limit to file an amended complaint under Rule 15(a)(1)(A) never **commenced**.") (emphasis added) *with Henderson v. Wells Fargo Bank, NA*, 13-CV-0378, 2015 WL 630438, at *2 (D. Conn. Feb. 13, 2015) ("Fed. R. Civ. P. 15(a) provides that a 'party may amend its pleading once as a matter of course within . . . 21 days after serving it.' Because Plaintiff has not yet served Defendant with the complaint, her motion is granted although unnecessary because leave of the Court is not required.").

respects.² This means that, arguably, Plaintiff's Amended Complaint has partially mooted Magistrate Judge Dancks' Report-Recommendation, which analyzed Plaintiff's *original* Complaint. For example, certain claims that were asserted in Plaintiff's original Complaint and appear to have been abandoned in his Amended Complaint (e.g., claims against Defendants County of Saratoga and Matthew Coseo) need no longer be "dismissed" by the Court.

Out of a desire for judicial efficiency, the Court is tempted to apply the recommendations in the Report-Recommendation to Plaintiff's Amended Complaint. However, the Court is mindful of the Second Circuit's admonition that a *pro se* plaintiff's request to amend his complaint when a motion to dismiss is pending should be denied only without prejudice, or perhaps stayed, until he has had the benefit of the district court's ruling on the motion to dismiss.³

For all of these reasons, the Court has chosen to apply Magistrate Judge Dancks' Report-Recommendation to Plaintiff's original Complaint while deeming Plaintiff's Amended Complaint as a *proposed* Amended Complaint (out of special solicitude to Plaintiff as a *pro se* civil rights litigant), and holding that proposed Amended Complaint in abeyance pending

---

² *See Int'lControls Corp. v. Vesco,* 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect."); 6 C. Wright & A. Miller, *Federal Practice & Procedure* § 1476, at 556-57 (2d ed. 1990) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified."); *cf.* N.D.N.Y. L.R. 7.1(a)(4) ("[T]he proposed amended pleading . . . will supersede the pleading sought to be amended in all respects.").

³ *See Cresci v. Mohawk Valley Community College*, 693 F. App'x 21, 25 (2d Cir. June 2, 2017) ("The court's criticism of Cresci for failure to submit a proposed amended complaint before learning whether, and in what respects, the court would find deficiencies was unjustified, and the court's denial of leave to replead, simultaneously with its decision that the complaint was defective, effectively deprived Cresci of a reasonable opportunity to seek leave to amend.").

confirmation from him that it is indeed the Amended Complaint on which he wishes to proceed.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 9) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Fourth Amendment claims for unreasonable search and seizure, false arrest, and malicious prosecution asserted against Defendant Shawn Thorpe **SURVIVES** the Court's *sua sponte* review of Plaintiff's Complaint, and Defendant Thorpe shall be required to respond to those claims (after the Court receives either the above-described confirmation from Plaintiff or a revised Amended Complaint, and Thorpe is served with Plaintiff's operative Amended Complaint); and it is further

**ORDERED** that Plaintiff's claims against Defendants County of Saratoga and Matthew Coseo are **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's claims against Defendants City of Saratoga, Andrew Prestigiacomo, and Gregory Veitch **shall be DISMISSED with prejudice** without further Order of this Court **UNLESS**, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files an **AMENDED COMPLAINT** correcting the pleading defects identified in the Report-Recommendation; and it is further

**ORDERED** that, more specifically, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff shall do one of the following two things: (1) notify the Court in writing that his proposed Amended Complaint (Dkt. No. 10) is indeed the Amended Complaint on which he wishes to proceed, or (2) file a revised Amended Complaint; and it is further

**ORDERED** that, upon Plaintiff's fulfillment of one of the conditions set forth in the preceding paragraph, Plaintiff's operative Amended Complaint shall be referred to Magistrate

Judge Dancks for review of its pleading sufficiency pursuant to 28 U.S.C. § 1915(e) (as well as her management of pretrial matters).

Dated: September 27, 2019
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge