UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AARON L. HIGHTOWER,

                        Plaintiff,

v.                                                        1:19-CV-0577
                                                             (GTS/TWD)

GREGORY VEITCH, Chief of Police, Saratoga Springs
Police Dep't; ANDREW PRESTIGIACOMO, Sergeant,
Saratoga Springs Police Dep't, ID # 3004; SHAWN
THORPE, Patrolman, Saratoga Springs Police Dep't,
ID # 2347; and CITY OF SARATOGA SPRINGS,

                        Defendants.
_____

APPEARANCES:

AARON L. HIGHTOWER
  Plaintiff, *Pro Se*
Great Meadow Correctional Facility
Box 51
Comstock, New York

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by Aaron L. Hightower ("Plaintiff") against the City of Saratoga Springs and three employees of the Saratoga Springs Police Department ("Defendants"), are the following: (1) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that all of the claims in Plaintiff's Amended Complaint be dismissed with prejudice (and without further leave to amend) except for his claims against Defendant Thorpe for discrimination under 42 U.S.C. § 1981(a) and for unreasonable search and seizure, false arrest, and malicious prosecution arising under 42 U.S.C. § 1983 and the Fourth Amendment, which should survive the Court's *sua*

*sponte* review; and (2) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 13, 17.) For the reasons set forth below, Magistrate Judge Dancks' Report-Recommendation is accepted and adopted in its entirety.

Generally, in his Objections, Plaintiff asserts the following three arguments: (1) Plaintiff's claims should not be dismissed because both the evidence attached to Plaintiff's Objections and the fact that Defendants have not yet fully responded to Plaintiff's discovery demands relating to his arrest show that dismissal of his claims at this point would be premature and unfairly prejudicial; (2) Plaintiff's supervisory and municipal liability claims should not be dismissed because he has alleged facts plausibly suggesting a causal connection between the illegal search, false arrest and malicious prosecution of Plaintiff and the Defendant City's failure to train and properly supervise Defendants Veitch, Thorpe, and Prestigiacomo; and (3) Plaintiff's conspiracy claims should not be dismissed because he has alleged facts plausibly suggesting that Defendants Thorpe and Prestigiacomo had a personal interest in maliciously prosecuting Plaintiff, and hid that interest under the "Code of Silence." (*See generally* Dkt. No. 17.)

For the sake of brevity, the Court will assume that Plaintiff's Objections are sufficiently numerous and specific to trigger a de novo review of the entirety of the Report-Recommendation (although that fact is far from clear, given the brevity and generality of the former and the thoroughness of the latter). (*Compare* Dkt. No. 17 *with* Dkt. No. 13.) *See also* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' Report-Recommendation, the Court can find no error in the Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 13.) As a result, the Report-

Recommendation is accepted and adopted in its entirety for the reasons set forth therein.  (*Id*.)

To those reasons, the Court adds only one brief point: the Court rejects Plaintiff's attempt to submit evidence along with his Objections to the Report-Recommendation.  The Court will not linger on the fact that evidence is not to be considered during a failure-to-state-a-claim analysis pursuant to Fed. R. Civ. P. 12(b)(6).  Nor will the Court linger on the fact that it would be both unfair to Defendants and an inefficient use of a Magistrate Judge's resources to permit Plaintiff (simply because he is proceeding *pro se*) to effectively amend his *already amended* operative pleading through an evidentiary response to a failure-to-state-a-claim challenge.  More important is that a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance;[1] and here the Court has been presented with no reason to deviate from that ordinary practice.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 13) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that all of the claims in Plaintiff's Amended Complaint (Dkt. No. 10) are **DISMISSED** **with prejudice** (and without further leave to amend) **EXCEPT** for his claims

---

[1]  *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

against Defendant Thorpe for discrimination under 42 U.S.C. § 1981(a) and for unreasonable search and seizure, false arrest, and malicious prosecution arising under 42 U.S.C. § 1983 and the Fourth Amendment, which **SURVIVE** the Court's *sua sponte* review of that Amended Complaint; and it is further

**ORDERED** that the Clerk of Court is directed to terminate Defendants City of Saratoga, Springs, Veitch, and Prestigiacomo from this action; and it is further

**ORDERED** that the Clerk of Court is directed to do the following:

(1) provide the Superintendent of the facility which Plaintiff has designated as his current location with a copy of Plaintiff's Inmate Authorization Form (Dkt. No. 5) and notify that Superintendent that this action has been filed and that Plaintiff is required to pay the entire statutory fee of $350.00 pursuant to 28 U.S.C. § 1915 through periodic withdrawals of his inmate account(s);

(2) provide a copy of Plaintiff's Inmate Authorization Form to the Financial Deputy of the Clerk's Office; and

(3) issue a summons and forward it, together with a copy of the Amended Complaint (Dkt. No. 10), to the U.S. Marshal for service upon Defendant Thorpe; and it is further

**ORDERED** that Defendant Thorpe shall file a formal response to Plaintiff's Amended Complaint as provided for in the Federal Rules of Civil Procedure after service of process.

Dated: April 28, 2020
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge